IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KANSAS GAS SERVICE, A DIVISION OF
ONEOK, INC,

          Plaintiff,

     vs.                        Case No. 05-1213-JTM

CITY OF LARNED, KANSAS,

          Defendant.

MEMORANDUM AND ORDER

This matter arises from a dispute between Kansas Gas Service, a Division of Oneok, Inc.,

(KGS), and the City of Larned, Kansas for the provision of natural gas under a Discount Rate

Agreement entered into by the parties.  KGS has now sued the City of Larned for breach of the

agreement.  On July 14, 2005, the City of Larned advanced a complaint against KGS before the

Kansas Corporation Commission.  The case is currently before the court on the motion of the City

of Larned to dismiss the action.

The City argues that the court is without subject matter jurisdiction, citing the Johnson Act,

28 U.S.C. §1342, which provides:

> The District courts shall not enjoin, suspend or restrain the operation of, or
> compliance with, any order affecting rates chargeable by a public utility and made by
> a State administrative agency or a ratemaking body of a State political subdivision,
> where:
>     (1) Jurisdiction is based solely on diversity of citizenship or
>         repugnance of the order to the Federal Constitution; and,
>     (2) The order does not interfere with interstate commerce; and,
>     (3) The order has been made after reasonable notice and hearing; and,

(4) A plain, speedy and efficient remedy may be had in the court of
such state.

The court will deny the motion to dismiss since the elements of the statute are not present in the instant case.  The present action is indeed based on diversity of citizenship and there is no allegation that the Discount Rate Agreement in question interferes with interstate commerce.  But the remaining two elements of the statute are absent:  the action is not a challenge to any order of the state given after reasonable notice and hearing, nor is the any efficient remedy for KGS's complaint before the state rate making body.

First, there is no *order* which the present action seeks to undermine or circumvent — the sort of evil which the Johnson Act was designed to stop.  KGS does not seek to "enjoin, suspend or restrain" any order establishing rates; it seeks damages for violation of a contract negotiated by and entered into by the two parties.  There is no generally binding order on rates which are under challenge.  At issue is a specific contract on rates, litigated between the parties who negotiated the contract, and the Johnson act does not preclude the maintenance of the present action.

Second, KGS has no remedy for the alleged violation of the contract other than to proceed to court.  There is no efficient remedy before the KCC because that body may issue prospective orders as to the validity of rates, but it does not offer KGS a forum for obtaining money damages against the City of Larned.  *See Western Kansas Express v. Dugan Truck Line*, 11 Kan. App. 2d 336, 720 P.2d 1132 (1986).

As an alternative to dismissal, the City urges a stay during the pendency of its KCC complaint.  KGS argues that a stay is inappropriate, citing *Multi Solutions Intern., Inc. v. Southwestern Bell Telephone Co.*, 265 F.Supp.2d 1216 (D.Kan. 2003).  In *Multi Solutions*, the court

2

noted factors relevant to staying a case under the doctrine of primary jurisdiction, including whether the fact issues are "within the conventional experience of judges" and whether the "issues of fact require the exercise of administrative discretion, or require uniformity and consistency in the regulation of the business entrusted to a particular agency." *Id.* at 1226 (*quoting Marshall v. El Paso Natural Gas Co.* 874 F.2d 1373, 1377 (10th Cir. 1989).  KGS argues that the issues here – the existence of the contract, the City's defense of misrepresentation – are issues which are indeed within the conventional experience of judges.

The court believes that a stay at the present is unwarranted.  The matter is comparable to that presented in *Western Kansas Express v. Dugan Truck Line*, 11 Kan. App. 2d 336, 342, 720 P.2d 1132 (1986), where the court concluded, in light of the absence of regulatory agency action which would provide a "forum for the damages [the plaintiffs] they have sustained, there is no bar ... to prevent the district court's resolution of this case."  Here, there is nothing in the allegations raised or defenses offered which is outside the conventional experience of the court.  Similarly, there is no indication at the present time that any agency action on the City's complaint would produce any prospective, broadly-applicable regulations which would conflict or undermine this action for damages.  Defendant may renew its motion for stay if some future ruling of the KCC creates the need for application of the doctrine of primary jurisdiction, but at the present time the court sees no basis for staying progress of the present action.

IT IS ACCORDINGLY ORDERED this 11th day of October, 2005, that the defendant's Motion to Dismiss (Dkt. No. 4) is hereby denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE